18073.   GOLDBERG *v.* HAMMOND *et al.*

STEPHENS, J.   1. The legal effect of a plea must be determined from a consideration of the plea in its entirety. Although the defendant's plea may recite that he admits a prima facie case for the plaintiff and assumes the burden of proof, yet where the defendant in the plea does not otherwise admit all the essential allegations of the plaintiff's petition, but does expressly deny one of the essential allegations, the plea, notwithstanding the allegation therein that a prima facie case is admitted, will not be construed as a plea in effect admitting a prima facie case, but will be construed as a plea wherein there is a failure to admit a prima facie case and which denies a certain material allegation in the plaintiff's petition. In this case it was therefore error to strike the portion of the plea denying the material allegation in the plaintiff's petition, upon the ground that the plea admitted a prima facie case and that the stricken allegation did not allege matters in avoidance.

2. Where the plaintiffs seek to recover for services alleged to have been performed by them under a contract with the defendant, a plea filed by the defendant which recites in one paragraph that "this defendant admits entering into the contract and agreement therein referred to, admits a prima facie case in favor of the plaintiffs, admits the burden of proof in said case, but further affirmatively shows," and then in subsequent paragraphs alleges facts showing that the plaintiffs failed to perform the services alleged to have been contracted for, the plea is not one in effect admitting a prima facie case, but is a plea admitting the execution of the contract sued upon and denying the performance thereof by the plaintiffs.

3. Although the defendant may have illegally claimed the opening and the conclusion in the argument, upon the ground that his plea admitted a prima facie case and therefore entitled him to this right, and had in fact been allowed the opening argument, he nevertheless had the right to stand on his plea in its entirety as originally filed, which in effect did not admit a prima facie case, but set out a defense.

4. The court erred in striking that part of the defendant's plea denying the performance of the contract sued on; and the subsequent proceedings disallowing the amendments offered by him and directing a verdict for the plaintiffs were nugatory.

5. The plaintiff's petition as amended set out a cause of action and was not subject to the demurrers interposed.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 18, 1928.

---

Pleading, 31 Cyc. p. 83, n. 16; p. 85, n. 41 New; p. 214, n. 39 New.

Complaint; from city court of Richmond county—Judge Black. February 24, 1927.

*Paul T. Chance,* for plaintiff in error.

*Callaway & Howard, Hammond & Kennedy,* contra.